## In re CRAIG.

### Appeal of LONG.

(Supreme Court, Appellate Division, First Department.　February 11, 1916.)

ATTORNEY AND CLIENT ⬤=181—LIEN—STATUTE—"CHARGING LIEN."

Judiciary Law (Consol. Laws, c. 30) § 478, formerly Code Civ. Proc. § 66, providing that from the "commencement of an action or special proceeding," or the service of an answer containing a counterclaim, the attorney appearing for a party has a lien attaching to the verdict or judgment, etc., in the client's favor, does not give to the attorney for the widow of an intestate a "charging lien" on his client's share in the estate for services rendered his client outside of any special proceeding, or action for a general balance of account for services.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 394–398; Dec. Dig. ⬤=181.

For other definitions, see Words and Phrases, First and Second Series, Charging Lien.]

Appeal from Surrogate's Court, New York County.

Petition by Charles L. Craig for a determination of the amount due him for his services as attorney and counsel, and for a lien therefor upon the share or interest of Alice M. Long in the estate of Samuel Long, deceased.　From an order of the Surrogate's Court determining petitioner's fee and lien, Alice M. Long, individually and as administratrix of Samuel Long, deceased, appeals.　Order reversed, and motion for the appointment of a referee denied.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

William M. Seabury, of New York City, for appellant.
Charles L. Craig, of New York City, pro se.

SCOTT, J.　Samuel Long died on July 28, 1915, leaving a widow, this appellant, and two brothers, who were his sole heirs at law and next of kin.　He left a considerable estate.　A paper writing was found, purporting to be his last will and testament; but it was never offered for probate, and it was ultimately determined that the decedent had died intestate.　The widow consulted petitioner, a lawyer of recognized standing in the city of New York, and he, after considerable negotiation with decedent's partner and brothers, applied for in her behalf, and obtained without opposition, letters of administration.　This was the only legal proceeding instituted or carried on by the petitioner in any court.　The negotiations which petitioner, on behalf of Mrs. Long, conducted with her late husband's partner and with his brothers apparently resulted to her advantage, and in the course of them the petitioner displayed industry, ability, and resource.　For these services he claims a reasonable fee, and the purpose of this proceeding is to establish and enforce a lien therefor upon the property which Mrs. Long has received or will receive from her late husband's estate.　His claim is frankly against Mrs. Long individually, and not as

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

administratrix, for services rendered to her outside of the proceeding to obtain letters of administration.

Petitioner relies upon section 475 of the Judiciary Law as the foundation of his right to maintain this proceeding. That section (formerly section 66 of the Code of Civil Procedure) reads as follows:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

That section provides for a lien only in cases in which there has been commenced an action or special proceeding in which the client has asserted a claim or a counterclaim. It regulates what is known to the law as a "charging lien," as contradistinguished from a "retaining lien," which is dependent upon possession by the attorney of papers, securities, or moneys belonging to his client. The Court of Appeals has very recently pointed out the nature and distinguishing characteristics of these two liens. Matter of Heinsheimer, 214 N. Y. 361, 108 N. E. 636. What the petitioner here claims is a charging lien, whereby he seeks to impress upon his client's property a lien for services rendered outside of any action or special proceeding. This he cannot do. What was said concerning such a lien in the Heinsheimer Case, supra, applies to this:

"But the reason for the existence of this lien suggests the limitation of its scope. It was not a lien for a general balance of account. It was a lien for the value of the services rendered in that very action."

The only proceeding in the principal case which falls within the language of section 475 of the Judiciary Law was the proceeding to obtain letters of administration. As that proceeding was unopposed, the value of the services rendered therein cannot have been great, and it is not alleged that the administratrix has refused to pay that sum. Indeed, it is apparent that this proceeding is not taken to enforce payment of a fee for that service. It is to establish and enforce a lien for the value of services rendered to appellant personally, quite outside of the proceedings for letters of administration. The claim, if it may be so termed, which appellant asserted in that proceeding, was not to any particular share of her husband's estate, but to the right to administer that estate. Whether she or some one else obtained letters of administration could have had no legal effect upon the share of the estate to which she was entitled. In effect, petitioner seeks to establish and enforce a lien upon defendant's property for a general balance of account for services rendered outside of any special proceeding or action. This cannot be done.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion for the appointment of a referee denied. Order filed. All concur.